Electronically Filed
Intermediate Court of Appeals
30648
25-JAN-2013
10:01 AM

NO. 30648

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
TRACY GRAY, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-CR NO. 10-1-1137)


MEMORANDUM OPINION
(By: Foley, Presiding Judge, Leonard and Reifurth, JJ.)

Defendant-Appellant Tracy Gray ("Gray") appeals from the July 29, 2010 Judgment of Conviction and Sentence; Notice of Entry ("Judgment") of the Family Court of the First Circuit ("Family Court").[1] Gray was convicted on two counts of Criminal Contempt of Court in violation of sections 710-1077(1)(g) and (3)(b), Hawaii Revised Statutes ("HRS")[2] and was sentenced to

---

[1]     The Honorable Wilson M. Loo presided.

[2]          **Criminal contempt of court.** (1) A person commits the offense of criminal contempt of court if:

. . . .

(g)     The person knowingly disobeys or resists the process, injunction, or other mandate of a court;

. . . .

(3)     The court may treat the commission of an offense under subsection (1) as a petty misdemeanor, in which case:

. . . .

(b)     If the offense was not committed in the immediate view and presence of the court, nor under such circumstances that the court has knowledge of all of the facts constituting the offense, the court shall order the defendant to appear before it to answer a charge of criminal contempt of court; the trial, if any, upon the

(continued...)

six months of probation and five days in jail on each count, with the counts to run consecutively. Gray's jail sentence was stayed pending the outcome of this appeal.

Gray raises two points of alleged error: (1) that the two counts of contempt for which he was charged and convicted merged under HRS § 701-109(e)[3/] and were based on the same evidence in violation of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and article I, section 10 of the Hawaii Constitution; and (2) that it was not within the Family Court's discretion to condition its stay of Gray's sentence pending appeal on Gray filing his notice of appeal within one business day of the Judgment.

We conclude that the two counts of contempt merged. Therefore, we vacate Gray's conviction on the second count and remand to the Family Court for re-sentencing.

I.   BACKGROUND

A.   The Order for Protection

Gray and the complaining witness ("CW") were previously married and had two children together, AG and JG. On September 25, 2008, CW obtained an order for protection against

---

[2/] (...continued)
> charge shall be by the court without a jury; and proof of guilt beyond a reasonable doubt shall be required for conviction.

HAW. REV. STAT. § 710-1077(1)(g), and (3)(b) (1993).

[3/]   HRS § 701-109(1)(e) provides:

> When the same conduct of a defendant may establish an element of more than one offense, the defendant may be prosecuted for each offense of which such conduct is an element. The defendant may not, however, be convicted of more than one offense if:
>
> . . . .
>
> (e)   The offense is defined as a continuing course of conduct and the defendant's course of conduct was uninterrupted, unless the law provides that specific periods of conduct constitute separate offenses.

HAW. REV. STAT. § 701-109(1)(e) (1993).

2

Gray ("Order for Protection"). The Order for Protection prohibited Gray from contacting CW or any children who resided with CW either directly or through third parties. On February 4, 2009, the Order for Protection was amended to remove AG and JG, and to allow for limited contact between Gray and CW for purposes of arranging visitation or in case of emergencies involving the children.

B.    Complaint, Proceedings and Judgment

On February 8, 2010, the State filed a complaint charging Gray with two counts of Violation of an Order for Protection under HRS § 586-11(a)(1)(A). On July 7, 2010, the State filed an amended complaint that amended the charges to two counts of Criminal Contempt of Court.[4/] On July 29, 2010, a bench trial was held.

In its Findings of Fact, Conclusions of Law, and Adjudication of Guilt, filed September 14, 2010, the Family Court found the following findings of fact ("FOF"):

<u>Findings of Fact</u>

7.    One evening in late January 2010, [JG] and [AG] went to dinner at Bravo Restaurant with Defendant and Defendant's family.

8.    While at dinner, [AG] wanted a picture of Defendant for the caller ID on his cellular phone.

9.    Defendant willingly allowed [AG] to take his picture.

10.    Defendant posed for the photograph by sticking up the middle finger on his right hand.

11.    [AG] used his cellular phone and took a photograph of Defendant sticking up the middle finger of his right hand.

12.    Defendant then stuck up the middle fingers of both his hands.

13.    [JG] took a photograph with his cellular phone of

---

[4/]    The difference between charging Gray with violating an order of protection and charging him with criminal contempt of court is the Family Court's ability to sentence Gray to five days in jail on each contempt count versus two days of jail on each violation of a protection order count. Having maximized the sentencing possibilities, the State nevertheless sought to use the fact that it originally charged Gray with criminal contempt as a basis upon which, it argued, the Family Court should deny Gray a stay of sentence pending appeal.

Defendant with the middle fingers of both hands sticking up.[5/]

. . . .

15. Defendant told [JG] and [AG] to show the photographs on their phones that depicted Defendant sticking up his middle fingers to their mother [CW].

. . . .

24. [AG] initially thought Defendant told him to show the picture to his mother; but the more he thought about it, he changed his mind, and stated that Defendant did not tell him to show his mother.

. . . .

29. On or about January 30, 2010, [AG] and [JG] told [CW] that they had something on their phones that Defendant said to show [CW], and that it was from Defendant to [CW].

30. [CW] looked at [AG's] and [JG]'s phones and saw the photographs of Defendant sticking up his middle fingers.

Furthermore, the Family Court adopted the following conclusions of law ("COL"):

### Conclusions of Law

3. Defendant knowingly violated the Order for Protection when he told [AG] to show the picture of Defendant sticking his middle finger to [CW], and this act constituted a third party communication by Defendant to [CW] through [AG].

4. Defendant knowingly violated the Order when he told [JG] to show the picture of Defendant sticking his middle fingers to [CW], and this act constituted a third party communication by Defendant to [CW] through [JG].

. . . .

10. From Defendant's testimony that he did not care if [AG] and [JG] showed the photographs to their mother, it can be reasonably inferred that Defendant told [AG] and [JG] to show [CW] [the pictures].

. . . .

12 [JG]'s testimony was credible. His testimony was corroborated by [CW].

13. [AG]'s testimony was not credible because he changed his story and recanted because he loves Defendant and wants to protect him.

---

[5/]    Gray objected to FOF 13, contending that it was incomplete to the extent that it did not note that both AG and JG, using their respective telephones, took photographs of their father with the middle fingers of both of his hands sticking up. We need not resolve that issue in order to conclude that the two counts merged.

Consequently, the Family Court found Gray guilty on the amended charges.

C.    Sentence and Bail Pending Appeal

Following trial, the Family Court sentenced Gray to six months of probation.  Special conditions of probation included the requirement that Gray serve a five day term of imprisonment for each count, to run consecutively, for a total of ten days.  The Family Court initially denied Gray's counsel's motion to stay the sentence pending appeal, but subsequently agreed to stay execution of the mittimus if Gray filed a notice of appeal by Monday August 2, 2010.  Gray filed his notice of appeal on Friday July 30, 2010.

II.  STANDARDS OF REVIEW

Plain Error/Rule 52(b)

Hawai'i Rules of Penal Procedure Rule 52(b) states that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."  Therefore, an appellate court "may recognize plain error when the error committed affects substantial rights of the defendant."  *State v. Staley*, 91 Hawai'i 275, 282, 982 P.2d 904, 911 (1999) (quoting State v. Cullen, 86 Hawai'i 1, 8, 946 P.2d 955, 962 (1997)).

Finding Of Facts/Conclusions Of Law

A trial court's findings of fact are reviewed under the "clearly erroneous" standard of review.  *Dan v. State*, 76 Hawai'i 423, 428, 879 P.2d 528, 533 (1994).  "A finding of fact is clearly erroneous when (1) the record lacks substantial evidence to support the finding, or (2) despite substantial evidence in support of the finding, the appellate court is nonetheless left with a definite and firm conviction that a mistake has been made."  *State v. Locquiao*, 100 Hawai'i 195, 203 58 P.3d 1242, 1250 (2002) (quoting *State v. Harada*, 98 Hawai'i 18, 22, 41 P.3d 174, 178 (2002)).

"An appellate court may freely review conclusions of

law and the applicable standard of review is the right/wrong test. A conclusion of law that is supported by the trial court's findings of fact and that reflects an application of the correct rule of law will not be overturned." *Dan*, 76 Hawai'i at 428, 879 P.2d at 533 (internal quotation marks and citations omitted).

III. DISCUSSION

    A.    The Two Counts Merged Under HRS § 701-109(1)(e)

    Gray argues that he committed only one contempt offense and that the trial court erred when it failed to recognize that the two counts should have been merged into a single offense.[6] To the contrary, the State argues that "two separate criminal acts occurred" when Gray: (1) posed for his son AG; (2) posed for his son JG; and (3) "told [AG] and [JG] to show the photos to [CW], thereby generating two separate communications to [CW] through two separate third parties." The State contends that Gray's conduct was analogous to writing two messages, handing the two messages to two different messengers, and then simultaneously telling them to deliver the messages. The merger doctrine did not apply, the State claims, because the prosecution did not rely upon evidence of the same conduct to establish the two offenses.

    The Family Court concluded in its COL 3 and COL 4 that the act of Gray telling his children to show the picture(s) to CW each "constituted a third party communication" to CW and, therefore, twice violated the Order for Protection. Even though we are obliged to accept unchallenged FOF and COL as binding,[7] the evidence establishes that Gray's course of conduct was

---

    [6]    Gray did not raise the issue below; nevertheless, we review possible violations of HRS § 701-109 for plain error. *State v. Richie*, 88 Hawai'i 19, 33 n.6, 960 P.2d 1227, 1241 n.6 (1998); *State v. Alston*, 75 Haw. 517, 529-30, 865 P.2d 157, 164-65 (1994).

    [7]    JG's testimony, which the Family Court concluded was credible, did not support a finding that Gray "told [JG] and [AG] to show the photographs on their phones . . . to their mother [CW]" or a conclusion that "Defendant's testimony that he did not care if [AG] and [JG] showed the photographs to their mother, it can be reasonably inferred that Defendant told [AG] and [JG] to show [CW]," Gray, however, does not challenge either FOF 15 or COL 10 on appeal. As such, we accept the finding and the conclusion as binding. *Okada Trucking Co. v. Bd. of Water Supply*, 97 Hawai'i 450, 458, 40 P.3d 73, 81 (2002) (findings); *Alvarez Family Trust v. Ass'n of Apartment Owners of Kaanapali Alii*, 121 Hawai'i 474, 489, 221 P.3d 452, 467 (2009) (conclusions).

uninterrupted and directed to a single criminal goal.

"Whether a course of conduct gives rise to more than one crime within the meaning of HRS § 701-109(1)(e) depends in part on the intent and objective of the defendant. The test to determine whether the defendant intended to commit more than one offense is whether the evidence discloses one general intent or discloses separate and distinct intents. Where there is one intention, one general impulse, and one plan, there is but one offense." *State v. Frisbee*, 114 Hawai'i 76, 81, 156 P.3d 1182, 1187 (2007) (brackets omitted) (*quoting State v. Matias*, 102 Hawai'i 300, 305, 75 P.3d 1191, 1196 (2003)). "HRS § 701-109(1)(e), however, does not apply where a defendant's actions constitute separate offenses under the law." *Id.*

The cases offered by the State in support of its position are largely inapposite. In *State v. Pia*, 55 Haw. 14, 514 P.2d 580 (1973), for instance, the Hawai'i Supreme Court held that separate punishment was appropriate where count two (willful interference with a police officer) related to the defendant's response to an attempt by the police officer to subdue a roadside affray and to arrest the defendant, while count one (assault on a police officer in the performance of his duties) related to defendant's conduct a short time later when the officer attempted to call for assistance from the opposite side of the road. 55 Haw. at 16-17, 514 P.2d at 583. Similarly, sexual assault is not treated as a continuing offense and each act constituting a separate assault is separately punishable. *See State v. Caprio*, 85 Hawai'i 92, 104-05, 937 P.2d 933, 945-46 (App. 1997), overruled on other grounds by *State v. Feliciano*, 107 Hawai'i 469, 479, n.17, 115 P.3d 648, 658 n.17 (2005) (five counts of sexual assault permitted); *Hamill v. State*, 602 P.2d 1212 (Wyo. 1979) (even if the incidents of sexual assault are closely related in place and time, each of the statutorily enumerated acts are distinct and individual and subject to individual prosecution); *Harrell v. State*, 277 N.W.2d 462 (Wis. Ct. App. 1979) (second incident occurred after an interval of twenty-five minutes).

The critical question is whether the State relies on one act by the defendant to establish both statutory offenses. Unlike the State's two-messages-to-two-messengers analogy, Gray did not write separate messages intended for CW and hand them to his two messengers. Rather, Gray allowed the boys, at their request, to take his picture. The evidence establishes that the pictures were taken, not with an eye toward communicating with CW, but to become part of the caller ID on the children's telephones. Thus, even if we accept, as we must, that "Defendant told [AG] and [JG] to show [CW the photographs]," the evidence establishes that he did so only in a single communication directed to AG. As such, we conclude that the scant time between photographs, the repetition of the same nonverbal communication (sticking up the middle finger), and the singular instruction to both children at the same time evidenced that Gray was motivated by one intention or plan and that there was no second act sufficient to permit separate prosecution. Therefore, the Family Court plainly erred in convicting Gray of two counts of contempt, and we need not address Gray's double jeopardy argument.

B.    Whether the Family Court Erred in Requiring Gray to File His Notice of Appeal Within One Business Day of the Judgment's Filing is Moot

Gray's point of error concerning the Family Court's requirement that Gray file his notice of appeal within one business day of the Judgment's filing or suffer execution of the mittimus appears to be moot, and while we can find no statute, case law, or precedent authorizing the Family Court to condition a stay of sentence upon an expedited filing of the appellant's notice of appeal, we do not reach this issue. *See State v. Kiese*, No. 29792, 2011 WL 682258, at *12 (Hawai'i Ct. App. Feb. 25, 2011) (holding that point on appeal in regards to the family court's denial of appellant's motion to stay his sentence is moot and, therefore, was not addressed).

IV.   CONCLUSION

The two counts of Criminal Contempt of Court in the amended complaint are deemed to have merged under HRS § 701-

8

109(1)(e). Gray's conviction on the second count is vacated, and the case is remanded to the Family Court for re-sentencing.

DATED: Honolulu, Hawai'i, January 25, 2013.

On the briefs:

Phyllis J. Hironaka,
Deputy Public Defender,
for Defendant-Appellant.

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge